van Gestel, Allan, J.
This matter comes before the Court on a Joint Motion for Impoundment, Paper #4. What the plaintiff, Howard L. Carr (“Carr”), and defendant, Entercom Boston, LLC (“Entercom”), seek to have this Court impound, separate from the rest of the case file, and keep beyond the reach of the press and public is Exhibit A attached to the Complaint.
The document they seek to hide from view is Carr’s employment agreement and the standard terms and conditions thereto, which, except for certain parts relating to Carr’s compensation which were redacted before the Complaint was filed, is a relatively routine and tedious expression of not uncommon employment provisions. Nothing therein warrants confidential treatment.
The Uniform Rules on Impoundment Procedure set forth the requirements for impoundment. There must be a motion accompanied by an affidavit. Rule 2. The motion can be ex parte, but it is not preferred. Rule 3.
Impoundment may be ordered after hearing, for good cause shown. Rule 7 sets out the criteria. It also provides that “agreement of all parties . . . shall not, in itself, be sufficient to constitute good cause.”
Carr touts himself as “a fixture on local television and radio broadcasts for over twenty years.” Complaint para. 7. Additionally, the Court judicially notices that Carr also is a frequent author of hypercritical screeds in the Boston Herald, attacking essentially any public figure of his choice. Entercom, described in the Complaint as “one of the largest radio broadcasting companies in the United States,” is Carr’s employer. Complaint para. 12.
Carr and Entercom jointly now seek to litigate a law suit, initiated by Carr in a public court, with the key document upon which his claim is based sealed away behind closed doors. In short, this major media entity and the self-proclaimed local television and radio broadcasting fixture do not want either the media or the general public to see what the litigation is about.
This Court, as an observant citizen, is not oblivious to the extensive press coverage about Carr’s claims, including the front-page story in the July 10, 2007, Boston Herald, and the similarly detailed story on page C3 of the July 11, 2007, Boston Globe, each reporting fully on Carr’s filing of this lawsuit, and each replete with quotations and comments from both Carr himself and his attorney. Having set this event so publicly in motion, it ill befits Carr to now attempt to litigate behind closed doors.
Nor has Entercom itself been shy in making its own public statements about its position on Carr’s intent to change employers.
In a case brought by Carr’s other employer, The Boston Herald, Inc. v. Sharpe, 432 Mass. 593 (2000), the Supreme Judicial Court clarified the procedures for litigants to follow regarding impoundments. Id. at 603-08. In doing so, the SJC set the tone by reciting its “longstanding recognition that ‘only in the most extreme situations, if at all, may a State court constitutionally forbid a newspaper (or anyone else) to report or comment on happenings which have been held in open court; and a similar rule would apply to court files otherwise unrestricted.’ ” Id. at 604.
In Boston Herald the SJC said, quoting from Rule 7 of the Rules on Impoundment Procedure, that there must be “good cause” to withhold documents from the public. It is through a balancing process that a judge makes the determination of good case. Id. at 605, n.23.
There is a “rigorous presumption of openness” against which the balancing must occur. Id. at 608.
See also H.S. Gere & Sons v. Frey, 400 Mass. 326, 330-31 n. 11 (1987), wherein the SJC quoted one of its most famous Justices as follows: “As early as 1884, Justice Holmes noted that ‘[i]t is desirable that the trial of causes should take place under the public eye, not because controversies of one citizen with another are of public concern, but because it is of the highest moment that those who administer justice should always act under the sense of public responsibility, and that every citizen should be able to satisfy himself with his own eyes as to the mode in which a public duty is performed.’ ” (Citing Cowley v. Pulsifer, 137 Mass. 392, 394 (1884).)
In addition to the foregoing jurisprudential concerns about impoundment, there are practical and logistical concerns as well. The Suffolk Superior Court Civil Clerk’s office is responsible for the docketing, preservation and management of thousands of civil case filings. Taking pleadings apart and filing some in the open public record and placing others in an entirely different location and impounded is a serious burden on the Clerk’s office. Further, the removal of pleadings from the regular case files often inhibits action by judges who need the complete files for the performance of their work.
ORDER
For the foregoing reasons, the Joint Motion for Impoundment, Paper #4, is DENIED.